UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| DANIEL B. VANWART, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | 1:14-cv-00132-JDL |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant | ) ) | |

**RECOMMENDED DECISION**

In this action, Plaintiff Daniel B. Vanwart alleges that the United States Department of Veterans Affairs (the VA) misdiagnosed his condition as borderline personality disorder, instead of the correct diagnosis of depression and anxiety. Plaintiff also asserts that the VA improperly administered his requests for review and modification of the finding of the psychiatric examination, relied on the flawed report of the examination to deny his claim for service-connected disability benefits, and concealed or suppressed the psychiatric examination report to prevent Plaintiff from discovering that it contained a flawed diagnosis. Plaintiff contends that because of the VA's conduct, he lost disability benefits, left his employment with the VA due to untreated depression, unnecessarily suffered years of untreated depression and anxiety, and developed a cognitive disorder due to lack of treatment.

The matter is before the Court on Defendant's Motion to Dismiss (ECF No. 13). Following a review of the pleadings, and after consideration of the parties' arguments, as explained below, the recommendation is that the Court grant the motion.[1]

---

[1] The Court referred the motion for report and recommended decision.

**BACKGROUND FACTS**

The facts set forth herein are derived from Plaintiff's Complaint, which facts are deemed true when evaluating the Motion to Dismiss.[2] *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 16 (1st Cir. 1998). In addition, the Court can also consider documents the authenticity of which are not disputed by the parties, public records, documents central to Plaintiff's claim, and documents sufficiently referred to in the complaint. *Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001).

In 2003, Plaintiff, alleging that he was suffering from depression, filed a claim with the VA for service-connected disability benefits. At the time, Plaintiff was employed at the VA's Togus facility in Augusta, Maine. According to Plaintiff, because Plaintiff was employed at the Togus facility, his claim-related psychiatric evaluation should have been conducted through the VA's Boston office. Instead, the psychiatric examination was referred to QTC Medical Services Inc., a private provider under contract with the VA. Based on the referral, Carl Metzger, M.D., an individual QTC contract provider, evaluated Plaintiff. (Complaint at 2-3.) Plaintiff claims the referral was improper.

Plaintiff asserts that when Dr. Metzger conducted Plaintiff's psychiatric examination in November 2003, the Board of Licensure in Medicine had just conducted a hearing to determine whether to discipline Dr. Metzger for certain alleged violations of the standards of practice and, approximately a year later, denied Dr. Metzger's application for license renewal.[3] Plaintiff maintains that he was unaware of these circumstances at the time of his evaluation. (*Id.* at 2, 5.)

---

[2] The reference to the facts as alleged should not be construed as a determination that the alleged facts are accurate. The alleged facts are recited in the context of the standard of review for a motion to dismiss.

[3] *In re Carl Metzger, M.D.,* Me. Bd. of Licensure in Medicine Decision and Order dated Nov. 30, 2004. The Board denied Dr. Metzger's application for license renewal. (*See* ECF No. 14-2 at 21.)

Following his evaluation of Plaintiff, Dr. Metzger reported that Plaintiff suffered from borderline personality disorder and not depression. Because the diagnosis was considered a "developmental disorder," by rule, the condition was determined to be non-service-related. Plaintiff's claim for service-connected disability benefits, therefore, was denied on initial review in February 2004 and on appeal before a Veterans Law Judge (VLJ) in May 2006. (*Id.* at 3-4.)

Between the initial 2004 administrative decision and the 2006 administrative appellate decision on Plaintiff's claim for disability benefits, Plaintiff filed a Notice of Disagreement and a request for an amendment of his medical record, in which filings he challenged Dr. Metzger's findings. He also quit his job with the VA due to severe depression. Plaintiff asserts that the Rating Veterans Service Representatives who considered Plaintiff's Notice of Disagreement failed to forward his request for amendment of his medical record to a VA Privacy Officer. According to Plaintiff, the representatives also asserted that although they had authority to return the psychiatric examination report to QTC Medical for substantiation of the diagnosis if the diagnosis did not conform to the DSM-IV, they found that "[t]here is no indication that the VA examination failed to conform to the provisions outlined in the DSM-IV based on the findings from this examination report." (*Id.* at 4.)

In January 2013, in connection with his VA treatment for new symptoms, Plaintiff conducted some online research regarding the relationship between his symptoms and depression. He also conducted online research about Dr. Metzger and discovered that Dr. Metzger's application for license renewal was under review when Dr. Metzger evaluated Plaintiff. Plaintiff alleges that at that point, he knew for the first time that Dr. Metzger was incompetent and that the borderline personality disorder diagnosis was erroneous. He further contends that had the VLJ remanded his disability claim for further evaluation, "Carl Metzger would not have been available

3

to correct the exam and his incompetence would have been revealed." (*Id.* at 5.) Plaintiff also alleges that had his request for amendment of his medical records been forwarded to the Privacy Officer for review, "the truth of the exam inadequateness/incorrectness may have been evident much sooner." (*Id.*)

On February 15, 2013, Plaintiff filed an administrative claim against the VA under the Federal Tort Claims Act, and exhausted the associated administrative claims process. The VA denied Plaintiff's claim after concluding that the facts and circumstances do not establish negligence on the part of the VA or its employees. (*Id.* at 6.)

In February 2014, Plaintiff obtained a neuropsychological evaluation from a clinical neuropsychologist. As part of the evaluation, the neuropsychologist reviewed Dr. Metzger's report. According to the neuropsychologist, three of the four features cited by Dr. Metzger to substantiate the borderline personality disorder diagnosis are, in fact, not supportive of such a diagnosis. The neuropsychologist diagnosed Plaintiff with major depressive disorder and anxiety disorder. (*Id.* at 8.)

Plaintiff asserts that he was fraudulently induced to believe that he suffered from borderline personality disorder "in an effort to put [him] off further pursuit of the claim." (*Id.*) Plaintiff alleges malfeasance in the failure to afford him his right to review by a Privacy Officer, asserting that this denial was a further measure designed to conceal the truth from him. (*Id.* at 7.) Plaintiff also complains that the VA repeatedly denied him a copy of the Metzger examination report during the pendency of his disability claim. (*Id.*) Plaintiff claims "fraudulent concealment, intentional infliction of emotional distress, and negligent hiring and supervision." (*Id.* at 8.)

**DISCUSSION**

Defendant argues that the complaint must be dismissed because the alleged conduct occurred beyond the two-year limitations period that applies to claims under the Federal Tort Claims Act, and because this Court lacks jurisdiction to review the VA's administrative decision on Plaintiff's claim for service-connected benefits. (Motion to Dismiss, ECF No. 13.)

**A.     The Federal Tort Claims Act**

"Federal courts lack jurisdiction over claims against the United States unless the government has waived its sovereign immunity." *Sanchez v. United States*, 740 F.3d 47, 50 (1st Cir. 2014). The Federal Tort Claims Act (FTCA) provides a limited waiver of immunity for, and confers jurisdiction upon the United States District Courts for claims of "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The FTCA also includes a statute of limitations. In particular, a claim under the FTCA is "forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." *Id.* § 2401(b). The First Circuit Court of Appeals has held that the limitation period imposes a jurisdictional hurdle. *Rakes v. United States*, 442 F.3d 7, 19 & n.6 (1st Cir. 2006) ("Claims not brought within the two-year period fall outside of the courts' subject matter jurisdiction and cannot be heard.") (citing *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979)).

In this case, Plaintiff alleges that the United States (the Department of Veterans Affairs) and its employees (VA personnel) violated his rights between 2003 and 2006 based on an improper referral to QTC Medical, a referral to an incompetent doctor, and the improper denial of his claim

for service-connected disability benefits resulting from the misdiagnosis by the allegedly incompetent doctor.[4] Plaintiff also claims that Defendant purposefully failed to provide him with a copy of Dr. Metzger's examination report, beginning with requests he made to the VA in 2004.[5] (Complaint at 7; *see also* Pl.'s Response to Motion to Dismiss at 2, ECF No. 25.) As alleged, Defendant's conduct occurred more than two years before Plaintiff's presentation of his FTCA administrative claim in February 2013. Nevertheless, Plaintiff argues that his claim should not be barred by the limitations period because he could not have known of his claim sooner due to Defendant's active concealment of the truth, including its refusal to provide him with Dr. Metzger's examination report. (Pl.'s Response to Motion to Dismiss at 5-6.)

"[A]n action under the FTCA accrues when the injured party knew or, in the exercise of reasonable diligence, should have known the factual basis for the cause of action." *Rakes*, 442 F.3d at 19 (internal quotation marks omitted). "[I]n FTCA medical malpractice cases, the 'discovery rule' may delay accrual until a plaintiff knows (or reasonably should know) both that he is injured and what caused his injury; it does not, however, postpone accrual until a potential plaintiff also learns that his injury was negligently inflicted." *Sanchez*, 740 F.3d at 52. To forestall the accrual date, the basis for Plaintiff's cause of action must have been unknowable despite an exercise of reasonable diligence. *Id.* If Plaintiff knew of his injury and its probable cause, he was required to seek the advice of medical and legal professionals to determine whether he had a basis for legal action. *Id.*

---

[4] No assessment is made of whether QTC Medical was a federal agency, or Dr. Metzger a federal employee, within the relevant timeframe. *See* 28 U.S.C. § 2671 (excluding contractors from the definition of "federal agency"). Assuming for the sake of argument that QTC was a corporation primarily acting as an instrumentality or agency of the United States, *see id.*, the alleged misdiagnosis would be attributable to the United States.

[5] Plaintiff's allegation that he never received the report is accepted as true, notwithstanding Defendant's introduction of an affidavit indicating that the VA produced Plaintiff's claims file in response to Plaintiff's FOIA request in 2004 and "would have" included Dr. Metzger's report in its production. (Affidavit of Philip S. Black, Jr., ¶ 7, ECF No. 24.)

Plaintiff evidently contends that he is entitled to relief from the effect of the statute of limitations because Defendant fraudulently withheld the report prepared by Dr. Metzger. In his Complaint and in his Response in Opposition to the Motion to Dismiss, Plaintiff asserts that he requested his claims file, including the subject examination report, beginning in 2004. According to Plaintiff, Defendant did not provide Plaintiff with a copy of the report. Plaintiff apparently maintains that had he known of Dr. Metzger's diagnosis earlier, he would have commenced this action sooner.

Plaintiff's allegations, however, do not support Plaintiff's argument that the statute of limitations should be tolled as the result of Defendant's alleged failure to provide him with a copy of Dr. Metzger's report. In his Complaint, Plaintiff specifically asserts that when he challenged the denial of his claim for disability, he learned of Dr. Metzger's diagnosis. More specifically, Plaintiff alleges that on May 8, 2006, a Veterans Law Judge denied his appeal, and wrote, "[t]he November 2003 VA examiner, following consideration of the veteran's assertions and medical history and a comprehensive mental status evaluation of him, determined that he did not have a psychiatric disorder. Instead he was diagnosed with a chronic borderline personality disorder." (Complaint at 4.) Plaintiff thus concedes that as early as 2006 he was aware of Dr. Metzger's diagnosis.[6]

Plaintiff also asserts that he had no reasonable basis to doubt Dr. Metzger's competency until events transpired in 2013 that caused him to conduct some online research. Preliminarily, insofar as Plaintiff allegedly learned of Dr. Metzger's professional regulatory issues through an

---

[6] Plaintiff's argument that the statute of limitations should not foreclose his action because Defendant failed to produce Dr. Metzger's report also fails because Plaintiff had more than sufficient time to obtain the report through other means. For instance, Plaintiff could have made a request for the report through the Freedom of Information Act (FOIA), which, if Defendant did not produce the document, provides an opportunity for judicial review of an agency's failure to produce the report. 5 U.S.C. § 552(a)(4)(B). In addition, the Privacy Act also afforded Plaintiff a means of challenging any agency inaction on his requests to produce and amend his medical record. 5 U.S.C. §§ 552a(d), (g)(1).

online search, Plaintiff presumably could have learned of the information in the several years before he commenced this action. Furthermore, Plaintiff has not alleged or otherwise identified why he needed to know of Dr. Metzger's regulatory issues in order to seek the advice of medical and legal professionals to challenge Dr. Metzger's diagnosis and the VA's administrative decision based thereon, nor has he asserted the connection between Dr. Metzger's regulatory issues and the contested diagnosis.

In short, Plaintiff fails to allege in his Complaint any facts that would excuse the late commencement of this action. Thus, because the Court does not have jurisdiction to consider a claim that is commenced outside the statute of limitations,[7] Plaintiff's claim in this Court is barred.

**B.      Judicial Review of VA Benefit Determination**

In this case, Plaintiff essentially requests that the Court review the VA's denial of disability benefits. The determination of a claim for VA benefits falls within the exclusive jurisdiction of the Secretary of the Department of Veterans Affairs, "and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise." 38 U.S.C. § 511(a). This limitation of judicial review is subject to some exceptions, but the exceptions do not provide for judicial review in the United States District Courts. *See Kalick v. United States*, 541 Fed. App'x 1000, 1001 (Fed. Cir. 2013) (per curiam) (explaining the administrative process applicable to service-connected disability claims and ratings, including initial judicial review before the Court of Appeals for Veterans Claims); *Crosby v. United States,* No. 2:13–cv–00096, 2014 WL 101625, at *2 (D.S.C. Jan. 8, 2014) (concluding that the district courts lack subject matter jurisdiction to review claims challenging the VA's determination of claims for service-

---

[7] *Rakes v. United States*, 442 F.3d at 19 & n.6 ("Claims not brought within the two-year period fall outside of the courts' subject matter jurisdiction and cannot be heard.") (citing *United States v. Kubrick*, 444 U.S. 111, 117-18 (1979)).

connected disability benefits); *Durr v. United States*, No. 1:14-cv-00337, 2014 WL 861777 (D. D.C. Feb. 28, 2014) (same). To the extent Plaintiff's Complaint is construed to assert a claim for wrongful denial of VA benefits,[8] therefore, this Court does not have jurisdiction to hear the matter.[9]

## CONCLUSION

Based on the foregoing analysis, the recommendation is that the Court grant Defendant's Motion to Dismiss (ECF No. 13), and dismiss Plaintiff's Complaint because the Court lacks jurisdiction to hear any claim based on the denial of VA benefits and because any alternative theory of relief that might arise under the Federal Tort Claims Act is barred by the applicable statute of limitations.[10]

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum within fourteen (14) days of being served with a copy thereof. A responsive memorandum within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 29th day of August, 2014.

---

[8] Plaintiff's entire case is arguably an attempt to obtain a judicial remedy based on the wrongful denial of VA benefits, particularly as Dr. Metzger's examination was conducted in the context of Plaintiff's claim for service-connected disability benefits.

[9] Plaintiff's jurisdictional allegations include a reference to "employment discrimination." (Complaint at 10.) However, there are no factual allegations that would suggest the existence of a plausible employment discrimination claim.

[10] The recommendation of dismissal of Plaintiff's action in this Court should not be construed as a comment on the merits of Plaintiff's claim of disability, or any future request that Plaintiff may make to reopen his administrative claim in accordance with 38 U.S.C. § 5108; 38 C.F.R. § 3.156.