UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| DANIEL B. VANWART, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | 1:14-cv-00132-JDL |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant | ) | |

**ORDER ON MOTION FOR RULE 11 SANCTIONS**

Plaintiff requests the imposition of sanctions on Defendant as the result of certain evidence that Defendant filed in support of its Motion to Dismiss. (Motion for Rule 11 Sanctions, ECF No. 30.)[1] In particular, Plaintiff complains that in his affidavit, Philip S. Black represented a fact that he knew or should have known lacks evidentiary support. Plaintiff specifically challenges Mr. Black's assertion that personnel within the Department of Veterans Affairs "would have" included a copy of an examination report in response to Plaintiff's request for his VA benefits claim file. (ECF No. 24, ¶ 7.) Plaintiff asks that Mr. Black's affidavit be stricken from the docket. (Motion for Rule 11 Sanctions at 8.)[2]

Preliminarily, to the extent that Plaintiff requests that the Court sanction Mr. Black, Plaintiff's request is without merit. Rule 11 of the Federal Rules of Civil Procedure[3] "imposes a

---

[1] Pursuant to Fed. R. Civ. P. 11(c)(2), Plaintiff was required to serve the Motion for Rule 11 Sanctions before filing, and afford Defendant 21 days to correct the issue. The Court, therefore, could deny Plaintiff's motion based on Plaintiff's failure to comply with the applicable Rule.
[2] The Recommended Decision on Defendant's Motion to Dismiss explicitly provided that Mr. Black's assertion was not considered in the assessment of the Motion to Dismiss. (ECF No. 29 at 6 n.5.) Plaintiff's request that the Court strike the affidavit is moot.
[3] Fed. R. Civ. P. 11(b)(3) provides in pertinent part: "By presenting to the court a pleading, written motion, or other paper … an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: … (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."

duty on *attorneys* to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and not interposed for any improper purpose." *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 393 (1990) (emphasis supplied); *see also* Fed. R. Civ. P. 11(b). By its terms, Rule 11 applies to attorneys and unrepresented parties who file pleadings with the court. Mr. Black is neither. Rule 11, therefore, does not apply to Mr. Black.

In addition, Plaintiff has offered no persuasive evidence or argument to suggest that Defendant's counsel presented any factual contentions that lacked evidentiary support. Particularly given Mr. Black's asserted familiarity with the Veterans' Administration's management of requests under the Freedom of Information Act (FOIA), the record is devoid of any evidence that would support a finding that Defendant's counsel had reason to question Mr. Black's assertion, based on his understanding of the manner by which the VA processes FOIA requests, that "all documentation contained in the claims folder dated prior to March 22, 2004, which included Dr. Carl Metzger's examination, would have been provided to the Veteran." (ECF No. 24, ¶ 7.)[4]

In short, Plaintiff has not offered any facts or argument to justify the imposition of sanctions pursuant to Rule 11. Accordingly, the Court denies Plaintiff's Motion for Rule 11 Sanctions. (ECF No. 30).

***So Ordered.***

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 7th day of October, 2014.

---

[4] Not insignificantly, Mr. Black did not assert that Plaintiff in fact received the report of the examination. Instead, Mr. Black simply set forth the likely result had the VA responded to the FOIA request in its ordinary fashion.